**Thomas MICKENS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 97–2734.

United States Court of Appeals, Second Circuit.

Argued May 18, 1998.

Decided June 24, 1998.

Jonathan Shapiro, Alexandria, VA, for Petitioner–Appellant.

Stuart Altman, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, Brooklyn, NY, on the brief), for Respondent–Appellee.

Before: KEARSE and MINER, Circuit Judges, and POLLACK, District Judge *.

KEARSE, Circuit Judge:

Until 1996, a federal prisoner was allowed to file an initial application challenging his sentence on federal grounds "at any time." 28 U.S.C. § 2255 (1994). Effective April 24, 1996, however, § 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104–132, § 105, 110 Stat. 1214, 1220 (to be codified at 28 U.S.C. § 2255), imposed a one-year limitations period on the filing of such applications. In the present case, federal prisoner Thomas Mickens appeals from a judgment of the United States District Court for the Eastern District of New York, Thomas C. Platt, *Judge,* dismissing his motion under 28 U.S.C.A. § 2255 (West 1994 & Supp.1998), filed within one year after AEDPA's effective date but more than five years after his conviction became final, as time-barred by AEDPA. For the reasons stated below and in *Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998), also decided today, we conclude that motions filed pursuant to § 2255 within one year after the effective date of AEDPA are not time-barred under the Act.

Mickens was convicted of various conspiracy, money laundering, and other narcotics-related offenses in 1989, and was sentenced principally to 35 years' imprisonment. His conviction was affirmed on appeal, and the Supreme Court denied his petition for certiorari in January 1992. He filed the present motion challenging his sentence on April 23, 1997. The government moved for the dismissal of Mickens's motion on the ground that it was untimely under AEDPA because it was filed more than one year after his conviction had become final.

In an Order dated July 18, 1997 ("District Court Order"), the district court, relying on language in this Court's decision in *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997), granted the government's motion to dismiss, concluding that Mickens did not file his motion within a reasonable time after the effective date of AEDPA's limitations period. The district court stated that AEDPA's one-year limitations period on the filing of motions pursuant to § 2255 was "virtually identical" to the one-year limitations period imposed by the Act on habeas corpus petitions filed by state prisoners pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp.1998), District Court Order at 2, and the court found that with respect to § 2254 petitions, *Peterson v. Demskie* had "resolved" the question of

whether a Section 2254 petition concerning a State judgment finalized more than a year before the AEDPA's effective date properly may be filed at any point within a year after that date . . ., ruling that such petitions may be filed within a reasonable time after the effective date, but are not entitled to the full year,

District Court Order at 2–3. Finding "no principled reason to distinguish between the two," the court held that "the *Peterson* ruling regarding Section 2254 petitions [was] equally applicable to Section 2255 petitions." District Court Order at 3. Since Mickens's conviction had become final some four years before AEDPA's enactment and Mickens did not file his § 2255 motion until the day before the first anniversary of the effective date of AEDPA's limitations period, the court dismissed the motion as untimely, stating that "[o]ne year, a far cry from the seventy two days deemed reasonable in *Pe-*

---

* Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation.

*terson,* ... is not 'reasonable time.'" District Court Order at 3–4.

Mickens sought reconsideration pursuant to Fed.R.Civ.P. 60(b), contending, *inter alia,* that the government's motion to dismiss was contrary to a policy adopted by the Department of Justice that § 2255 motions should be viewed as timely if filed within one year of AEDPA's effective date. The government responded that

> such policy, *if any,* yields to the court's interpretation of the AEDPA. In this circuit, the Court of Appeals has made clear that petitions such as Mickens' are not timely, and therefore Mickens may not rely upon an administrative interpretation of the AEDPA.

(Letter from Assistant United States Attorney Stuart M. Altman to Judge Platt dated September 22, 1997, at 1 (emphasis added).) The district court denied Mickens's Rule 60(b) motion for the reasons stated in the court's prior Order and in the government's letter opposing the Rule 60(b) motion.

This Court granted a certificate of appealability, and this appeal followed.

## DISCUSSION

Pursuant to § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (1994). Prior to the enactment of AEDPA, that section also provided that such motions could be made "at any time." *Id.* The time of filing was a ground for dismissal only if

> it appear[ed] that the government ha[d] been prejudiced in its ability to respond to the motion by delay in its filing unless the movant show[ed] that it [wa]s based on grounds of which he could not have had

knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred.

Rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Section 105 of AEDPA deleted from § 2255 the provision allowing motions to be made "at any time" and created a one-year period of limitation. *See* Pub.L. No. 104–132, § 105, 110 Stat. at 1220. That limitations period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (West Supp.1998).

In *Ross v. Artuz,* 150 F.3d 97, argued in tandem with the present case and decided today, we discussed AEDPA's creation of a similar one-year limitations period for the filing of petitions for habeas corpus pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998) by state prisoners, *see* Pub.L. No. 104–132, § 101, 110 Stat. at 1217 (to be codified at 28 U.S.C. § 2244(d)). We began with the constitutional principle that newly created statutes of limitations "must '"allow a reasonable time after they take effect for the commencement of suits upon existing causes of action."'" *Block v. North Dakota ex rel. Board of University and School Lands,* 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) (quoting *Texaco, Inc. v. Short,* 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982) (quoting *Wilson v. Iseminger,* 185 U.S. 55, 62, 22 S.Ct. 573, 46 L.Ed. 804 (1902))); *see, e.g., United States v.*

*Morena,* 245 U.S. 392, 397, 38 S.Ct. 151, 62 L.Ed. 359 (1918); *Terry v. Anderson,* 95 U.S. 628, 632–33, 24 L.Ed. 365 (1877) ("statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect"). We noted that since AEDPA itself provides no grace period for the filing of otherwise instantly barred claims, the courts must determine the appropriate grace period in view of the importance of the subject matter, to wit, asserted deprivations of liberty as a result of alleged violations of the Constitution or other federal laws. We pointed out that the language of *Peterson v. Demskie,* 107 F.3d 92, suggesting that the grace period might be less than one year after AEDPA's effective date, on which several district courts had relied in dismissing § 2254 petitions, was dictum. And we concluded that several factors made it inappropriate to follow that dictum. Those factors include the lack of any reason for a prisoner to have believed that, Congress having provided a one-year limitations period, the requisite grace period would be less than one year, especially in light of the Department of Justice's own "official position," stated shortly after AEDPA's enactment, as follows:

> for prisoners whose convictions became final before the Act was signed, the Department will not seek to enforce ... the time limit provisions [of the amended § 2255] until one year after the Act took effect— *i.e.,* April 24, 1997. That policy affords these prisoners at least as much time as their counterparts whose convictions become final after the Act's effective date, and reduces any potential unfairness.

(Memorandum from John C. Keeney, Acting Assistant Attorney General, to all United States Attorneys dated June 28, 1996, at 1, 9–10.) (*See also* Government brief on appeal at 7 n. 6 ("the Department of Justice adheres to this view").) Most importantly, we noted that the lack of a clear and uniform grace period has led to diversity in district court decisions among petitioners in seemingly similar circumstances. *See generally Ross v. Artuz,* 150 F.3d at 99–103.

In light of the factors discussed in *Ross,* we concluded that the grace period for the filing of § 2254 petitions by state prisoners whose convictions had become final prior to the effective date of AEDPA should be one year from AEDPA's effective date. We can see no principled reason to accord federal prisoners a shorter grace period. We hold, therefore, that the limitations period prescribed by § 105 of AEDPA does not bar a § 2255 motion filed within one year after the effective date of the Act. *Accord United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir.1998); *Burns v. Morton,* 134 F.3d 109, 111–12 (3d Cir.1998); *United States v. Simmonds,* 111 F.3d 737, 746 (10th Cir.1997); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds,* — U.S. —, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

■ We note that when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period. *See, e.g.,* Fed.R.Civ.P. 6(a); *Ross v. Artuz,* 150 F.3d at 103; *Day v. Morgenthau,* 909 F.2d 75, 79 (2d Cir.1990). Accordingly, our adoption today of a grace period of one year means that motions pursuant to § 2255 are not barred by the statute of limitations established by AEDPA if filed on or before April 24, 1997, the first anniversary of AEDPA's effective date. Mickens's § 2255 motion, filed one day before the first anniversary of the effective date of the Act, is timely.

### CONCLUSION

We have considered all of the government's arguments in support of the dismissal of Mickens's motion and have found them unpersuasive. The judgment of the district court is vacated and the matter is remanded for further proceedings.