**Walter B. RAYNOR, Petitioner,**

v.

**Charles DUFRAIN, Respondent.**

No. 98 Civ. 0062(WCC).

United States District Court,
S.D. New York.

Dec. 11, 1998.

Walter B. Raynor, Malone, New York, petitioner pro se.

---

William V. Grady, Dutchess County District Attorney, Poughkeepsie, New York, Bridget Rahilly Steller, Asst. District Attorney, of counsel, for respondent.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Petitioner Walter Raynor brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to overturn his conviction in County Court, Dutchess County. Respondent contends that the petition should be dismissed because it is barred by the one-year statute of limitations, enacted as part of 28 U.S.C. § 2244 by the 1996 Antiterrorism and Effective Death Penalty Act (hereafter "AEDPA" or "the Act"). Pub.L. No. 104–132, 110 Stat. 1214. We conclude that the petition is, indeed, barred by the one-year statute of limitations, and accordingly, dismiss it as untimely.

## BACKGROUND

Petitioner was sentenced on June 10, 1996, following a jury trial in the County Court of Dutchess County on four counts of Criminal Possession of a Controlled Substance in the Third Degree, N.Y.Penal Law § 220.16, and three counts of Criminal Sale of a Controlled Substance in the Third Degree, N.Y.Penal Law § 220.39, and sentenced to five to fifteen years in prison. Petitioner is currently serving his sentence at the Franklin Correctional Facility in Malone, New York.

For purposes of determining the statute of limitations question, a detailed explanation of the procedural history that followed petitioner's conviction is necessary. Following petitioner's sentencing on June 10, 1996, he had thirty days, until July 10, 1996, to file a notice of appeal with the Appellate Division. N.Y. CRIM. PROC. LAW. § 450.10(1) (McKinney 1992) (hereafter "C.P.L."). The clerk of the sentencing court advised petitioner on the record of the necessity of filing an appeal within thirty days, but no such timely notice of appeal was filed. Petitioner claims his failure to file a notice of appeal was due to an error by his attorney, while respondent claims (after conferring with peti-

tioner's public defender) that petitioner expressly told his attorney he did not want to appeal. By a letter to the Appellate Division dated June 23, 1996, however, well before expiration of the thirty-day period for filing a notice of appeal, petitioner did inquire whether the Appellate Division had received a notice of appeal from his attorney. This inquiry was not treated as an actual notice of appeal, and the thirty-day period expired on July 10, 1996.

Consequently, by letter dated July 26, 1996, petitioner made an application for permission to file a late notice of appeal to the Appellate Division, Second Department. On September 23, 1996, petitioner filed a motion in support of his application. Petitioner's application was denied by the Second Department on October 24, 1996. On November 5, 1996, petitioner then sought to appeal the decision of the Appellate Division to the New York State Court of Appeals. On November 20, 1996, the Court dismissed petitioner's application, explaining that the decision of the Appellate Division was not appealable.

Petitioner did not file a petition for certiorari with the United States Supreme Court, nor has he made any state collateral attacks on his conviction. He did, however, file this petition for a writ of habeas corpus on October 28, 1997, claiming: 1) denial of effective assistance of counsel at trial and on appeal; 2) violation of equal protection by the impaneling of an all-white jury; and 3) denial of access to his attorney at the time of arrest.

## DISCUSSION

### I. *Interpreting What Constitutes "the Conclusion of Direct Review" under § 2244(d)(1)(A)*

With limited exceptions, a prisoner seeking a writ of habeas corpus must submit his petition no more than one year after the judgment against him becomes final. 28 U.S.C. § 2244(d) provides in relevant part that:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to

the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[1]

For the purpose of deciding whether the petition is timely, we must determine when the one-year period began running, and this compels us to decide when the "judgment became final by the conclusion of direct review or the expiration of time for seeking such review." § 2244(d)(1)(A).

Petitioner's judgment of conviction was rendered in the County Court of Dutchess County on June 10, 1996. Although petitioner had a right to appeal from this judgment of conviction (See C.P.L. § 450.10(1)), state law required him to take an appeal within thirty days, obligating him to file and serve his notice of appeal no later than July 10, 1996. C.P.L. § 460.10(1). Because petitioner did not file a timely notice of appeal, the judgment of conviction became final on July 10, 1996, the date of "the expiration of time for seeking [direct] review." Thus, the time for filing of a habeas petition expired on July 10, 1997. § 2244(d)(1)(A). The present habeas petition, filed October 28, 1997, was over three months late.[2]

However, petitioner contends that the time for filing the habeas petition was extended by his motion for leave to file a late notice of appeal. He argues that the one-year time limitations period did not begin to run until either October 24, 1996, when the Appellate Division denied his motion made under C.P.L. § 460.30, or until November 20, 1996, when the Court of Appeals dismissed petitioner's application for leave to appeal from that denial. This is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result. We therefore conclude that the one-year limitations period began running on July 10, 1996, the date of "the expiration of time for seeking [direct] review," and that petitioner's October 28, 1997 habeas petition is time barred. § 2244(d)(1)(A).

Moreover, even if we agreed that the statutory period did not begin to run until the decision of the Appellate Division of October 24, 1996 (denying leave to file a late notice of appeal), petitioner's October 28, 1997 habeas

---

1. The effective date of the AEDPA is April 24, 1996, and thus the Act applies to petitioner without any retroactivity problem, since his judgment of conviction was rendered on June 10, 1996 and his habeas petition was filed October 28, 1997. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

2. In order to give petitioner the benefit of the doubt, we will deem his habeas petition filed at the time he delivered it to prison authorities for forwarding to the court. *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Because petitioner's affidavit in support of his petition was signed October 28, 1997, this is the earliest his delivery of the petition to prison officials could have occurred.

petition would still be time barred. Only if we hold that the statutory period did not begin to run until November 20, 1996, the date the Court of Appeals denied petitioner's motion seeking leave to file a late notice of appeal, could the October 28, 1997 habeas petition be timely.

However, it would be inappropriate to deem the Court of Appeals' denial of petitioner's motion as the "conclusion of direct review" under § 2244(d)(1) because the motion was dismissed as non-appealable by the Court of Appeals under C.P.L. § 450.90(1). Criminal Procedure Law § 460.30(6) provides that the Appellate Division's order denying leave to file a late notice of appeal is not appealable unless that order specifically states that "the determination was made upon the law alone." No such language appears in the order. Thus, petitioner's appeal was completely nugatory, and cannot be considered part of the "direct review" under § 2244(d)(1)(A).

## II. Other Provisions of § 2244 That Might Justify Petitioner's Delay in Filing

Petitioner's attempt to rely on other provisions of § 2244 to justify his delay in filing are equally unavailing. For example, petitioner's ineffective assistance claim could conceivably be construed as a claim under § 2244(d)(1)(D).[3] Since petitioner alleges that his attorney, unbeknownst to him, failed to file an appeal of his conviction in state court, the one-year period arguably did not begin to run until petitioner discovered this omission by his attorney. However, petitioner was informed by a letter from the Appellate Division dated June 27, 1996 that no appeal had been filed. Thus, even if the one-year period did not begin running until this "factual predicate of the claim" was "discovered," petitioner's October 28, 1997 habeas petition would still be untimely. § 2244(d)(1)(D).

There is also some suggestion by petitioner that the petition is timely because of tolling under § 2244(d)(2).[4] Assuming, *arguendo*, that the one-year period should be tolled during the pendency of petitioner's motion for leave to file a late notice of appeal and his application for leave to appeal from denial of that motion, the petition is still untimely. Petitioner's habeas petition had to be filed by July 10, 1997; however, the petition was not filed until October 28, 1997, making it 110 days late. Even if we toll the one-year period during the 90–day pendency of petitioner's motion before the Appellate Division appeal (from July 26 to October 24, 1996), and also during the 15–day pendency of his application to the Court of Appeals (from November 5 to November 20, 1996), the petition would still be five days late.[5]

---

**3.** § 2244(d)(1)(D) provides that the limitation period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

**4.** Note that, while the following discussion still focuses on petitioner's motions seeking leave to file a late notice of appeal before the Appellate Division and the Court of Appeals, the argument has shifted. We have already rejected petitioner's argument that, under § 2244(d)(1)(A), the statute of limitations did not even begin to run until the last of these motions was decided. Now, instead of arguing that the statutory period does not begin to run until these motions were decided, petitioner more cogently argues that the statutory period was merely tolled (i.e. "the clock momentarily stopped") during the pendency of these motions. While this contention has more merit, even, as will be explained *infra*, if we afford the petitioner tolling under § 2244(d)(2), his petition is still time barred.

**5.** Note, too, that, although we assume *arguendo* that 105 days of tolling may have occurred, af-

fording petitioner such tolling is highly questionable. First, it is unclear whether § 2244(d)(2)'s provisions (for tolling while a "properly filed application for State post-conviction or other collateral review" is pending) applies to the filing of motions seeking leave to file a late notice of appeal. Moreover, marking the beginning of the tolling period for petitioner's motion to the Appellate Division on July 26, 1996, which is the day his letter to the Appellate Division seeking leave to appeal was signed, is probably overly generous, since his affidavit in support of the motion was not signed until September 23, 1996. Finally, it is unclear if tolling is even appropriate for the fifteen days of the pendency of petitioner's motion before the Court of Appeals, which challenges the Appellate Division's denial of leave to file a late notice of appeal of his conviction. Since the Court of Appeals dismissed the appeal because it found that the Appellate Division's order was not appealable under C.P.L. § 450.90(1), it is uncertain whether this appeal even constituted a "properly filed application," as required by § 2244(d)(2).

### III. *Equitable Tolling*

Finally, we hold that equitable tolling is inapplicable in the instant case. It is true that, because the statute of limitations is not a jurisdictional bar, a court may choose to afford a petitioner equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.1998); *Calderon v. United States Dist. Court*, 128 F.3d 1283 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998). However, such tolling is granted only in "extraordinary circumstances." *Calderon*, 128 F.3d at 1288 (internal citations omitted). Because petitioner alleges that his attorney's failure to file a notice of appeal constituted ineffective assistance of counsel, there is some suggestion that this court might equitably toll the statute of limitations for the time in which petitioner was attempting to file a late notice of appeal (i.e. until November 20, 1996). However, we do not believe, even if this allegation is true, that such failure constituted "extraordinary" or "rare and exceptional" circumstances, making it "impossible to file his petition on time." *Davis*, 158 F.3d at 810–11; *Calderon*, 128 F.3d at 1288; *Henderson v. Johnson*, 1 F.Supp.2d. 650, 654 (N.D.Tex. 1998).

Equitable tolling is warranted when some event effectively prohibits the petitioner from pursuing habeas, such as the misplacement of files, or being denied access to materials necessary to file a habeas petition. For example, in *Calderon*, petitioner's counsel left the jurisdiction, leaving his replacement counsel with largely unusable work product. 128 F.3d at 1289. We are sympathetic to petitioner's claim that if his attorney wrongly failed to file a timely notice of appeal, it is unfair to commence the statutory period when the thirty days for such filing expired.[6] Yet, unlike *Calderon*, even if petitioner's attorney failed to file a notice of appeal in the instant case, this failure had no bearing on his actual ability to pursue habeas relief. *See Mandarino v. United States*, slip op., Nos. 98 Civ. 590(LBS) and 91 Crim. 868(LBS), 1998 WL 729703 (S.D.N.Y. Oct. 16, 1998) (attorney's failure to provide his client with notice of denial of certiorari by the Supreme Court did not constitute grounds for equitable tolling). At best, we can say petitioner may have thought it prudent to await the outcome of his discretionary appeals in state court before beginning to work on his habeas petition. Yet, even if petitioner waited until the Court of Appeals November 20, 1996 decision, he still had at least seven months to prepare his habeas petition. Thus, petitioner did not endure the kind of "extraordinary circumstances" that warrant equitable tolling.[7]

### CONCLUSION

For the reasons stated herein, petitioner's § 2254 habeas petition is dismissed as untimely.[8]

SO ORDERED.

---

**6.** We also question respondent's assertion that petitioner specifically told his attorney he did not want to appeal, since petitioner wrote to the Appellate Division just thirteen days after his conviction, expressing concern that no notice of appeal was filed.

**7.** Even if there was some impediment to filing during the statutory period, if the petitioner still has many months remaining in which to file after removal of this impediment, this Court would have little reason to exercise its equitable powers. *United States v. Van Poyck*, 980 F.Supp. 1108 (C.D.Cal.1997) (even if prison "lockdowns" lasting a period of two months limited petitioner's access to the law library, the petitioner still had ten months in which to pursue a habeas remedy).

**8.** We recognize that the Second Circuit is currently considering the issue of whether § 2244(d) violates the U.S. Constitution's Suspension Clause, art I, § 9, cl. 1. *Rodriguez v. Artuz*, 990 F.Supp. 275 (S.D.N.Y. 1998) (certificate of appealability granted as to issue of Suspension Clause violation; oral argument set for Dec. 11, 1998 (No. 98–2252)); *Alexander v. Keane*, 991 F.Supp. 329 (S.D.N.Y.1998) (certificate of appealability granted as to issue of Suspension Clause violation; notice of appeal filed Mar. 9, 1998 (No. 98–2381)); *Halo v. New York State Division of Parole*, 1998 WL 355429 (S.D.N.Y. 1998) (certificate of appealability granted as to issue of Suspension Clause violation July 1, 1998 (No. 98–446)). Although petitioner has not raised the issue here, determination by the Sec-

ond Circuit will of course inform this Court's consideration in the event that petitioner seeks a

certificate of appealability in this Court.