**Francisco H. NOGUERA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 92 CR. 632(JES).
No. 98 CIV. 6563(JES).

United States District Court,
S.D. New York.

June 30, 1999.

---

Francisco Noguera, Forrest City, AR, pro se.

Mary Jo White, United States Attorney, New York City (Timothy J. Coleman, Assistant United States Attorney, of Counsel), for Respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner in the above-captioned action has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Respondent moves to dismiss the petition as time-barred under the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") or, in the alternative, seeks denial of the petition on the merits. For the reasons set forth below, the Court grants respondent's motion.

### BACKGROUND

On July 28, 1992, petitioner pled guilty before this Court to a two-count information charging him with violations of 21 U.S.C. §§ 846 and 841(b)(1)(A), in connection with his transportation of over 200 pounds of cocaine from Manhattan to Los Angeles in April 1992. That plea was made pursuant to a standard cooperation agreement with the United States Department of Justice.

On November 18, 1992, petitioner pled guilty before Judge McKenna to a one-count information, 92 Cr. 968(LMM), charging him with making false statements in violation of 18 U.S.C. § 1001. That charge was based on petitioner's false statement to a Drug Enforcement Agency ("DEA") agent that he did not recognize a co-conspirator whose photograph he was shown by the agent.

On June 9, 1993, this Court sentenced petitioner on both the narcotics charge and the false statement charge. Because petitioner had failed to provide substantial assistance to the Government as required by his cooperation agreement, the Government did not move for a downward departure pursuant to section 5K1.1 of the

United States Sentencing Guidelines. Petitioner was sentenced principally to concurrent sentences of 135 months' imprisonment on the narcotics charge and 60 months' imprisonment on the false statement charge. Petitioner did not appeal his conviction or sentence.

Noguera's instant petition was received in the *Pro Se* Office of this Court on August 24, 1998. From petitioner's affidavit of service, the motion appears to have been submitted to prison officials for mailing on or about August 13, 1998. Petitioner seeks an order vacating his sentence upon the basis that he received ineffective assistance of counsel because his counsel failed to persuade the Government to move for a downward departure at sentencing. He further argues that the Government's refusal to move for a downward departure constituted a deprivation of due process.

Respondent moves to dismiss the petition as time-barred. Respondent further argues that petitioner's motion may also be denied upon the merits, as petitioner fails to bring a colorable claim for ineffective assistance of counsel or deprivation of due process.

### DISCUSSION

█ The AEDPA was enacted on April 24, 1996. It amends, *inter alia,* 28 U.S.C. § 2255 to require that a habeas petition filed by a person in Federal custody be brought within one year after the completion of direct appellate review or the expiration of time to seek such review. *See* 28 U.S.C. § 2255. The United States Court of Appeals for the Second Circuit, recognizing that the AEDPA effectively barred habeas corpus petitions in every case in which the petitioner's conviction had become final more than one year prior to the effective date of the AEDPA, has allowed petitioners a one-year grace period from the effective date of the AEDPA during which such petitions would be deemed timely filed without regard to the statute of limitations under the AEDPA. *See*

*Mickens v. United States,* 148 F.3d 145, 148 (2d Cir.1998).

As noted above, Noguera's conviction became final in 1993, more than one year prior to the effective date of the AEDPA. Petitioner, therefore, had until April 24, 1997, to file a section 2255 motion. His instant petition was submitted to prison officials for mailing on August 13, 1998, more than two years after the effective date of the AEDPA. Therefore, his petition is plainly time-barred.

█ In addition, even if this Court were to consider the merits of Noguera's petition, the Court would deny the petition as raising no colorable claim. Petitioner concedes that his attorney advised him that he could receive credit for cooperation only if he provided truthful responses to the DEA agents' questions. *See* Motion to Vacate Conviction and Sentence Pursuant to Title 28 U.S.C. § 2255, August 13, 1998, at p. 6–7. Furthermore, the Court advised petitioner at the time of his guilty plea on the narcotics charge that he could not receive a downward departure unless the Government moved for a downward departure and the Court granted that motion. *See* Transcript, July 28, 1998, at p. 6. Petitioner's claim of ineffective assistance of counsel is thus meritless.

█ The Government's refusal to move for a downward departure did not constitute a deprivation of due process. There is no material factual dispute concerning Noguera's false statements in breach of his cooperation agreement, which he admitted in his guilty plea before Judge McKenna. Petitioner's false statements regarding the criminal activities about which he had agreed to provide information clearly relieved the Government of any obligation to file a downward departure motion. *See United States v. Fernandez,* 127 F.3d 277, 285–86 (2d Cir.1997); *United States v. Brechner,* 99 F.3d 96, 99–100 (2d Cir.1996).

### CONCLUSION

For the foregoing reasons, the Court grants respondent's motion to dismiss the

petition as time-barred or, in the alternative, to deny the petition as failing to raise any meritorious claim.

It is **SO ORDERED.**