Carly JEAN–PHILIPPE, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 99–CV–1944.

United States District Court, N.D. New York.

Jan. 26, 2000.

Carly Jean–Philippe, Oakdale, LA, pro se.

Office of the United States Attorney, Northern District of New York, Paul D. Silver, AUSA, Albany, NY, for respondent.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Before the Court is Petitioner Carly Jean–Philippe's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's motion is denied in all respects.

## I. BACKGROUND

On June 18, 1996, Petitioner Carly Jean–Philippe was sentenced to a term of imprisonment of sixty (60) months after pleading guilty to one count of engaging in a conspiracy to receive and transport firearms in interstate commerce, in violation of 18 U.S.C. § 922(a). *See* Petitioner's Motion, at 2 (Docket No. 1). The Judgment and Order regarding Petitioner's conviction on this count was filed on June 24, 1996.[1]

---

1. Attached to Petitioner's habeas corpus peti-   tion are letters written by Philippe in April

In arguing that the Court vacate his conviction and sentence, Petitioner advances the following grounds: (1) his plea of guilty was unlawfully induced; (2) counsel failed to inform him of the contents of the plea agreement and the substance of plea negotiations conducted with the Government; (3) counsel was ineffective in failing to object to the Government's alleged mispresentations concerning the immigration consequences of Petitioner's guilty plea; and (4) counsel was ineffective in failing to file a direct appeal. *See* Petition for Writ of Habeas Corpus, at 2–4 (Docket No. 3). In response, the Government seeks to dismiss Philippe's petition on the grounds that it is time-barred under The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Def. Mem. of Law at 1–3.

## II. DISCUSSION

A prisoner sentenced by a federal court may move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (Supp.1999); *see also Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997) (internal citations omitted).

Prior to the enactment of AEDPA, there was no formal limit on the time for filing a habeas corpus petition. *See Bennett v. Artuz,* 199 F.3d 116, 118 (2d Cir.1999); *Mickens v. United States,* 148 F.3d 145, 146 (2d Cir.1998). A delay in filing "was a basis for dismissal only if the ground for the petition could have been known to the petitioner earlier and the [government] could show that the delay 'prejudiced [it]

in its ability to respond to the petition.' " *Ross v. Artuz,* 150 F.3d 97, 99 (2d Cir. 1998) (quoting Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts); *see also Mickens,* 148 F.3d at 147.

A petition filed pursuant to section 2255 must now, however, be filed within the statute of limitations period imposed by Congress in the AEDPA, which was signed into law on April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 322, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA provides for a one-year period of limitations for a prisoner to file a motion under section 2255. *See McHale v. United States,* 175 F.3d 115, 120 (2d Cir.1999) (noting that the one-year time limit "will not bar a section 2255 motion filed within one year after the effective date of AEDPA, even though filed more than one year after the conviction became final.") (citing *Mickens,* 148 F.3d at 146). The limitations period runs from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

1997 and January 1998 seeking a downward departure on his sentence based on Petitioner's family circumstances. *See* Docket No. 1 (attached documents). These letters fail to

document any of the grounds advanced by Petitioner in the instant habeas corpus petition. *See id.*

**340**

28 U.S.C. § 2255; *see also Ross,* 150 F.3d 97, 99, 103 (2d Cir.1998).

 In the present case, Petitioner filed his motion for relief under 28 U.S.C. § 2255 on November 10, 1999, more than forty (40) months after his Judgment and Order of conviction was entered on June 24, 1996.[2] Petitioner's conviction became final, for purposes of the AEDPA, ten days after the entry of the Judgment and Order, when the time for Petitioner to file a notice of appeal had expired. *See* FED. R.APP. P. 4(b) (West 1998). Significantly, the claims raised by Petitioner in the instant motion primarily relate to issues arising out of Philippe's plea and sentencing and, thus, could have reasonably been discovered near or around that time. Moreover, Petitioner does not allege any action by the Government that prevented him from making the instant motion. Thus, because Petitioner's motion was not filed within one year after the judgment of conviction became final, or a reasonable time after Petitioner learned that his counsel failed to file a notice of appeal regarding his conviction and sentencing,[3] the present petition is time-barred under the AEDPA. *See McHale,* 175 F.3d at 120; *Mickens,* 148 F.3d at 148. Accordingly, the Court must deny Petitioner's motion for a writ of habeas corpus under 28 U.S.C. § 2255.

**2.** Because Petitioner's judgment of conviction and the instant petition were both filed *after* the effective date of the AEDPA, there is no retroactivity issue. *See, e.g., Raynor v. Dufrain,* 28 F.Supp.2d 896, 898 n. 1 (S.D.N.Y. 1998).

**3.** The Court notes, however, that the one-year time limit may be extended under a doctrine of "equitable tolling," where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Balagula v. United States,* 73 F.Supp.2d 287, 290 (E.D.N.Y.1999) (quotations omitted); *see also Plowden v. Romine,* 78 F.Supp.2d 115, 116–18 (E.D.N.Y.1999); *Sorce v. Artuz,* 73 F.Supp.2d 292, 298 (E.D.N.Y.1999) ("[T]he burden lays with petitioner to establish the entitlement to equitable tolling."); *Santana–Madera v. United States,* 1999 WL 30986, at *2–*3 (N.D.N.Y. Jan. 19, 1999); *Raynor,* 28

### III. Conclusion

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED.**

**IT IS SO ORDERED.**

F.Supp.2d at 900 ("Equitable tolling is warranted when some event effectively prohibits the petitioner from pursuing habeas [relief], such as the misplacement of files, or being denied access to materials necessary to file a habeas petition."). A careful review of Petitioner's claims do not justify Petitioner's delay in bringing the instant motion more than three years after his conviction became final or a reasonable time after Petitioner learned that a notice of appeal was not filed by his counsel. *See, e.g., Raynor,* 28 F.Supp.2d at 900 (an attorney's failure to file a timely notice of appeal does not constitute "extraordinary" or "rare and exceptional" circumstances making it impossible for petitioner to file his petition on time.) (quotations omitted). Thus, Petitioner does not meet his burden of demonstrating, nor does the record reflect, facts that could support an argument for tolling.