**UNITED STATES of America,**

v.

**Dedric Devon SHERROD, Defendant.**

**No. 2:99CR22–02.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 20, 2000.

Darryl J. Mitchell, Assistant United States Attorney, Norfolk, VA, for USA.

Charles R. Burke, Virginia Beach, VA, for defendant.

### ORDER

REBECCA BEACH SMITH, District Judge.

On November 8, 2000, the court received an undated letter from defendant requesting an extension of time to file a 28 U.S.C. § 2255 motion, which the court will treat

as a motion to extend time.[1] Although defendant has not presently filed a § 2255 motion, in his letter he states: "I have some very important new evidenea [sic] that I am reserching [sic] and I need a little more time...."

Section 2255 was amended on April 24, 1996, by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub.L. No. 104–132, § 105, 110 Stat. 1214, 1220, which imposes a one-year statute of limitations on § 2255 motions. Section 2255, as amended by the AEDPA, now provides in relevant part:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

■ Defendant pleaded guilty and was sentenced on October 27, 1999. The judgment was entered on October 28, 1999. Defendant did not appeal his conviction and sentence. Some courts have held in similar circumstances that, for the purposes of § 2255, the judgment of conviction becomes final ten days after it is entered, when the time for appeal has expired. *See* Fed.R.App.P. 4(b)(1); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir.2000); *Jean–Philippe v. United States*, 83 F.Supp.2d 338, 340 (N.D.N.Y. 2000). However, based on the Fourth Circuit's recent opinion in *United States v. Torres*, 211 F.3d 836 (4th Cir.2000), the court finds that defendant's conviction became final on October 28, 1999, the date on which his conviction and judgment were entered.

In *Torres*, the defendant appealed his conviction to the Fourth Circuit but did not file a petition for certiorari to the Supreme Court. After the district court denied as untimely his § 2255 motion, the defendant argued on appeal to the Fourth Circuit that his conviction did not become final until the expiration of the ninety-day period he had for filing certiorari to the Supreme Court. *See* 211 F.3d at 837. The Fourth Circuit rejected this argument, holding that "the conviction of a federal prisoner whose conviction is affirmed by [the Fourth Circuit] and who does not file a petition for certiorari becomes final on the date that [the Fourth Circuit's] mandate issues in his direct appeal." *Id.* The court explained that

as both a logical and textual matter, where a defendant decides not to pursue relief in the Supreme Court, his conviction becomes final upon the issuance of the court of appeal's mandate. This must be the case, we believe, because, in such a circumstance, literally nothing else thereafter occurs following the issuance of the mandate by the appellate court.

*Id.* at 839. Similarly, when a defendant chooses not to appeal his conviction to the Fourth Circuit, "literally nothing else thereafter occurs" following the entry in the district court of the judgment of conviction.

■ In this case, the judgment was entered on October 28, 1999. Thus, defen-

---

1. Although the letter was undated, it was stamped for processing by the prison officials at Terre Haute, Indiana, on November 6, 2000.

dant was required to file a § 2255 motion by October 28, 2000. Defendant filed his motion to extend the time for filing his § 2255 motion outside the one-year period for filing the § 2255 motion, and any extension of time at this point is to no avail. Accordingly, defendant's request is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Order to defendant, and to the United States Attorney at Norfolk.

It is so **ORDERED.**