**Bryant JARMAN, Petitioner,**

v.

**State of NEW YORK, Respondent.**

No. 99–CV–2787.

United States District Court,
E.D. New York.

Dec. 13, 2002.

Bryant Jarman, pro se.

Diane Kerr McCullough, New York City, for Respondent.

## ORDER

GERSHON, District Judge.

On December 13, 1993 petitioner, Bryant Jarman, was convicted in New York State Supreme Court, Kings County (Beldock, J.), following a jury trial, of Criminal Possession of a Weapon in the Third Degree and Unlawful Possession of Marijuana in violation of N.Y. Penal Law §§ 265.02 and 221.05, respectively. Petitioner was sentenced, as a second violent felony offender, to concurrent terms of three and one-half to seven years on the weapons conviction and 15 days on the marijuana conviction. Petitioner filed a timely Notice of Appeal to the Appellate Division, Second Department, on December 17, 1993. Petitioner's counsel perfected the appeal on December 27, 1995. In January 1996, upon learning that, on or about November 1, 1995, petitioner had absconded from the work release program in which he was serving his term, respondent moved for dismissal of petitioner's appeal. That motion was unopposed by petitioner's counsel. On February 22, 1996, petitioner's appeal was dismissed. On April 15, 1997, one year and 27 days after that dismissal, petitioner filed a motion to vacate the Appellate Division's dismissal. That motion was denied on May 23, 1997. One year and three months later, petitioner filed a petition for writ of error coram nobis with the Appellate Division on the grounds of ineffective assistance of appellate counsel. That application was denied on March 1, 1999. Petitioner's application for leave to appeal that denial was denied on April 13, 1999. Petitioner filed this petition for a writ of habeas corpus on May 18, 1999.

AEDPA amended 28 U.S.C. § 2244 to provide a one-year limitations period for the filing of state habeas corpus petitions. The time period runs from the latest to occur of certain enumerated events, the only applicable one in this case being "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under New York law, a petitioner has thirty days in which to seek leave to appeal a determination by the Appellate Division. N.Y.Crim. Proc. Law § 460.10(5)(a). Therefore, petitioner's final date of conviction, for the purpose of assessing the one year limitations period under AEDPA, is the date upon which the thirty day deadline for seeking leave to appeal expired. See Padilla v. Mantello, 2000 U.S. Dist. LEXIS 13541, 2000 WL 1471596 (E.D.N.Y.2000). See also Dominici v. Hodges, 2001 U.S. Dist. LEXIS 1123 (S.D.N.Y.2001) (calculating final date of conviction using thirty day period); Raynor v. Dufrain, 28 F.Supp.2d 896 (S.D.N.Y.1998) (same).

In two recent cases, in which the issue was not determinative, judges in this district, including myself, have noted the possibility of using the one year period in which a petitioner could file for an exten-

sion of time to appeal pursuant to N.Y.Crim. Proc. Law § 460.30(1) to calculate a petitioner's final date of conviction. *See Alamo v. Ricks,* 2002 U.S. Dist. LEXIS 13650, 2002 WL 1732815 (E.D.N.Y. 2002); *Jolly v. Stinson,* 1998 U.S. Dist. LEXIS 14866, 1998 WL 661472 (E.D.N.Y. 1998). In this case, petitioner's final date of conviction, if calculated with the benefit of the one year extension period, would be March 23, 1997. Petitioner would therefore have had until March 23, 1998 to file a timely habeas petition. In conjunction with a toll for the time that petitioner's application for a writ of error coram nobis was pending in state court, petitioner's habeas corpus application would be considered timely. Therefore this court must now decide whether the one year extension period should be considered in calculating a petitioner's final date of conviction.

■ New York Criminal Procedure Law provides a one year extension period for filing leave to appeal an intermediate court's decision where failure to file a timely petition resulted from either:

> (a) improper conduct of a public servant or improper conduct, death or disability of the defendant's attorney, or (b) inability of the defendant and his attorney to have communicated, in person or by mail, concerning whether an appeal should be taken ... due to the defendant's incarceration in an institution and through no lack of due diligence or fault of the attorney or defendant.

N.Y.Crim. Proc. Law § 460.30(1). Thus, the extension period is available to a petitioner only in specific, exceptional circumstances. As the Supreme Court recently noted in *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), the potential availability of additional state review under "extraordinary circumstances" does not toll the one year AEDPA limitations period. *Id.* at 2140. In accord, this court now holds that the mere possibility that an extension could have been granted, had the statutorily-enumerated exceptional circumstances been present, is insufficient to warrant an enlargement of a petitioner's final date of conviction.[1] Therefore, petitioner's final date of conviction for the purpose of assessing the one year AEDPA limitations period is March 23, 1996, thirty days after the Appellate Division dismissed his appeal and consequently his deadline for seeking leave to appeal.

■ Petitioner argued in his state filings for a writ of error coram nobis that he did not receive notice of the Appellate Division's dismissal of his appeal and that therefore his conviction should not be deemed final. While it is well-settled that the thirty day period for filing an appeal pursuant to N.Y.Crim. Proc. Law § 460.10 does not begin to run until service of the adverse determination has been effected, *see Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999), *rev'd on other grounds,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), it is equally well-settled that "a defendant who is a fugitive from justice cannot use his absence to his advantage." *Ortiz v. Senkowski,* 2001 U.S. Dist. LEXIS 17114, 2001 WL 1267178 (S.D.N.Y.2001) (finding that a fugitive petitioner's conviction became final when the time period to file a direct appeal expired). Petitioner's unau-

1. It bears mention that neither provision of N.Y.Crim. Proc. Law § 460.30(1) is applicable to petitioner's case. Petitioner absconded from a work release program on or about November 1, 1995. Thereafter, petitioner's attorney had no contact information for petitioner for the time period leading up to and immediately following the dismissal of his appeal by the Appellate Division. Any lack of communication between petitioner and his attorney during that time period was, therefore, entirely due to circumstances of petitioner's own making.

thorized flight from the work release program, his decision to leave the State, and his subsequent failure to provide his attorney, the District Attorney, or the Appellate Division with information as to his whereabouts was the direct cause of respondent's failure to serve him with a copy of the Appellate Division's decision. Petitioner cannot, therefore, claim the benefit of additional time in which to appeal from that lack of service.

Petitioner's final date of conviction of March 23, 1996 predates the enactment of AEDPA on April 24, 1996. Therefore, the one year limitations period provided in the statute does not apply; instead, petitioner is entitled to a one-year grace period from the date of AEDPA's enactment. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). Petitioner did not, however, file his petition until May 18, 1999, over two years after the close of the April 24, 1997 grace period provided by AEDPA.

■ Petitioner, who is pro se, has not addressed the timeliness of his application, despite this court's direct invitation that he do so. *See* Order of June 7, 2001. Nevertheless, this court has considered all potentially applicable tolling provisions under AEDPA and finds that none render petitioner's application timely. AEDPA's tolling provisions, 28 U.S.C. § 2244(d)(2), exclude from the one year limitations period the time during which a petitioner's application for properly-filed post conviction relief is pending in state court. *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Gomez v. Duncan*, 2002 U.S. Dist. LEXIS 11765, 2002 WL 1424584 (S.D.N.Y. 2002). Petitioner is therefore entitled to a toll from April 15, 1997, the date on which he filed his motion to vacate the Appellate Division's dismissal of his appeal, until June 22, 1997, the date upon which his right to file an application for leave to appeal the Appellate Division's decision expired. AEDPA's tolling provision does not reset the date from which the limitations period begins to run. *McGinnis*, 208 F.3d at 17; *Alamo v. Ricks*, 2002 U.S. Dist. LEXIS 13650, 2002 WL 1732815 (E.D.N.Y. 2002); *Gomez v. Duncan*, 2002 WL 1424584, 2002 U.S. Dist. LEXIS 11765 (S.D.N.Y.2002). At the time petitioner filed his motion to vacate, he had only nine days remaining in which to file a timely habeas corpus petition. Petitioner did not file this petition for another fourteen months. Petitioner's state court petition for a writ of error coram nobis, for which he otherwise would have been entitled to an additional toll, was not filed until September 5, 1998, after the limitations period for filing a habeas corpus petition had expired.

■ Petitioner also has failed to demonstrate that he is entitled to an equitable toll. Equitable tolling of AEDPA's statute of limitations is available only upon a showing that "extraordinary" circumstances prevented the petitioner from filing a timely petition. *Valverde v. Stinson*, 224 F.3d 129, 133–34 (2d Cir.2000). In addition, a petitioner must demonstrate that he exercised reasonable diligence throughout the time period sought to be tolled. *Id.* Petitioner contends here that he was unaware of the Appellate Division's dismissal of his appeal. These circumstances do not warrant an equitable toll. Petitioner's ignorance of the status of his appeal in this case was the result of circumstances of his own creation. As described above, petitioner absconded from a work release program during the time his appeal was being prepared. Neither respondent nor petitioner's counsel had any information regarding petitioner's whereabouts at the time the Appellate Division

dismissed his appeal. "A petitioner's own behavior may ... fatally undermine his claim that 'rare and extraordinary' or 'exceptional' circumstances warrant equitable tolling." *Valverde* at 133 n. 3. *See also Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir.2001) (equitable toll is not warranted where extraordinary circumstances were attributable to petitioner's own misbehavior). This is such a case.

For these reasons, petitioner's application for habeas corpus relief is dismissed for untimeliness.

**SO ORDERED.**