**Luis E. PARRILLA–TIRADO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil No. 03–1489 (JP).**

United States District Court, D. Puerto Rico.

Aug. 17, 2006.

**200**

Luis E. Parrilla–Tirado, Pine Knot, KY, pro se.

Nelson J. Perez–Sosa, United States Attorney's Office, Torre Chardon San Juan, PR, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

Before the Court is plaintiff Luis E. Parrilla–Tirado's second petition pursuant to 28 U.S.C. § 2255 requesting relief from his judgment of conviction. The petitioner concedes that under the Antiterrorism and Effective Death Penalty Act, his petition is time barred. Because of this, the petitioner advances an allegation of actual innocence in order to have his otherwise barred constitutional claims considered on the merits. The Court now has before it the petitioner's motion for relief and respondent's opposition. The record and motions filed in this case clearly demonstrate that the petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, his petition is hereby **DENIED** without a hearing.

## I. PROCEDURAL BACKGROUND

On April 24, 1991, the petitioner and a companion, Angel Concepción ("Concepción"), were apprehended after a high speed chase. The authorities found a firearm in the front passenger seat of their car. On September 18, 1991, a grand jury returned a two-count indictment. Count One charged petitioner with violating Title 18 U.S.C. § 922(g)(1), a statute that renders it unlawful for a convicted felon, among other things to "transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm." Count Two charged that he aided and abetted Concepción in the commission of the crime charged in Count One. The petitioner then negotiated a plea agreement with the government, under which he agreed to admit his guilt on Count One and the government agreed to seek dismissal of the charge leveled against him in Count Two. In December 1992, the petitioner moved to withdraw his plea. The District Court denied the motion. The Court then sentenced the petitioner to 15 years on Count One and dismissed Count Two. The conviction was affirmed on appeal. *United States v. Parrilla–Tirado*, 22 F.3d 368 (1st Cir.1994). On August 25, 1997 the trial court entered an *Opinion and Order* denying Parilla's initial § 2255 petition. *Parrilla Tirado v. United States*, 1997 WL 557627 (No. 96–1899(JP)).

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255, grants the District Court authority to entertain post-judgment motions by prisoners attacking criminal sentences claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or that the sentence is in excess of the maximum authorized by law. *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7

L.Ed.2d 417 (1962), quoting *Bowen v. Johnston* 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939).

## III. MOTION FOR RELIEF PURSU-ANT TO 28 U.S.C. § 2255

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, establishes a one year period of limitations for the filing of a Section 2255 motion. *Mickens v. United States*, 148 F.3d 145 (2nd Cir.1998).

▇▇▇ In *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), the Supreme Court discussed the standard of review applicable when a federal *habeas corpus* petitioner, on a second or subsequent petition, asserts a claim of actual innocence in an effort to avoid a procedural bar to consideration of the merits of his constitutional claims. A petitioner can avoid the procedural bar that can come upon successive or abusive petitions by demonstrating that it is "more likely than not that no reasonable juror would have convicted him in the light of new and reliable evidence of actual innocence." *Id.*, at 327, 115 S.Ct. 851. The claim must be based on reliable evidence not presented at trial. The petitioner in the instant case claims that the "actual innocence gateway" as defined in *Schlup*, is available to him to overcome his untimeliness under "AEDPA."

▇▇▇ The petitioner has not been able to pass through the *Schlup* gateway. The Supreme Court specified that the claim must fail if the petitioner does not present new facts that would "unquestionably establish his innocence." *Id.*, at 316, 115 S.Ct. 851. No such facts were presented. Nevertheless, had the petitioner made a successful demonstration, it would not have entitled him to *habeas corpus* relief; it would merely lift the procedural bar that otherwise precludes consideration. "Actu-

al innocence" is a very narrow exception, considering that "without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Burks v. Dubois*, 55 F.3d 712, 718 (1st Cir.1995), quoting *Schlup* at 316, 115 S.Ct. 851.

The petitioner's allegation of actual innocence is an unsupported one. His arguments allude to no new information suggesting innocence.

▇▇▇ This is the second Section 2255 motion that the petitioner has filed and he has failed to comply with the requirements of the law. AEDPA amended Section 2255 to provide that second or successive Section 2255 petitions must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. The Act states: "Before a second or successive application permitted by the section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). The grant or denial by the court of appeals for this authorization is not appealable.

▇▇▇ Under the Act, a court of appeals may allow a successive petition in two circumstances, one of them being that the applicant has shown that the claim relies on a new rule of constitutional law, made retroactive to cases, that was previously unavailable. *Id.*, at 656. The petition may also be permitted if

... the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to

establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

*Id.* at 657. A Section 2255 petition is second or successive if a prior Section 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits. *United States v. Barrett,* 178 F.3d 34 (1st Cir.1999). Matters that were or could have been decided on appeal may not be litigated in Section 2255 motions.

The petitioner's claims pertaining to multiplicity of the indictment and lack of guilt were raised and settled on direct appeal. There is no evidence that the petitioner requested a certificate of appealability from a court of appeals. Therefore, his claim is barred by the AEDPA and must be dismissed.

## IV. CONCLUSION

The petitioner did not comply with the gatekeeping requirements of law since he did not request an issuance of a certificate of appealability by a court of appeals. It is also noted that he did not supply any proof of actual innocence that would make his claim credible and worthy to bring within the narrow class of cases implicating miscarriage of justice. Judgment will be entered dismissing the petitioner's complaint with prejudice.

**IT IS SO ORDERED.**