REVISED, October 13, 1998

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 97-10912**

---

**JAMES C. FLANAGAN,**

**Petitioner-Appellant,**

**VERSUS**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT**
**OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

---

Appeal from the United States District Court
For the Northern District of Texas

---

September 1, 1998

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

DeMOSS, Circuit Judge:

Texas state prisoner James C. Flanagan appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred by the one year period of limitation in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). We reverse and remand for further proceedings consistent with this opinion.

**I.**

James C. Flanagan was convicted by a Texas state jury of

aggravated possession of more than 400 grams of cocaine in January 1989. The trial court sentenced Flanagan to ninety years imprisonment and imposed a $100,000 fine. Flanagan's conviction was affirmed on direct appeal. On November 21, 1990, the Texas Court of Criminal Appeals refused Flanagan's petition for discretionary review. Flanagan did not file a petition for writ of certiorari to the United States Supreme Court. Hence, Flanagan's conviction became final on or about February 19, 1991, ninety days after judgment was entered. *Caspari v. Bohlen*, 114 S. Ct. 948, 953 (1994); *see also* *Motley v. Collins*, 18 F.3d 1223, 1225 (5th Cir. 1994). Flanagan filed one state petition for habeas corpus, which was denied without written order on May 12, 1993.

Flanagan filed this § 2254 petition for federal habeas corpus relief on April 24, 1997. He claims that his conviction was obtained without due process because he was called to testify on his own behalf without being informed of his constitutional right not to testify. *See* *Jones v. Barnes*, 103 S. Ct. 3308, 3312 (1983); *Malloy v. Hogan*, 84 S. Ct. 1489, 1493-94 (1964). The state filed a motion to dismiss Flanagan's petition as time-barred by the one year period of limitation in 28 U.S.C. § 2244(d). The district court referred the matter to a magistrate judge, who recommended that the petition be dismissed. Flanagan filed objections to the magistrate judge's report. The district court conducted a de novo review, and then dismissed Flanagan's § 2254 petition as time-barred.

Flanagan filed a timely notice of appeal. Flanagan also moved

2

for a certificate of appealability (COA) in the district court, which was denied.  Flanagan then sought a COA in this Court, which was granted as to the limited issue of whether Flanagan's petition was time-barred.

## II.

Flanagan filed this § 2254 action after AEDPA's April 24, 1996 effective date.  His claim is therefore governed by the provisions of that statute.  *Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction of other collateral review with respect to the pertinent

3

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

AEDPA severely constricts the time period allowed for filing a federal habeas corpus action. Section 2244(d)(1)(A) sets forth the general rule that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. Section 2244(d)(2) provides that the time period during which a properly filed state habeas application is pending shall not be counted against the one year period. Section 2244(d)(1) sets up statutory exceptions which can, in appropriate cases, extend the time for filing a federal habeas petition beyond the one year period after final conviction if the state imposes an unconstitutional impediment to the filing of a federal habeas petition, if the Supreme Court recognizes a new constitutional right that is given retroactive effect, or if the petitioner is unable through the exercise of due diligence to discover the factual predicate of the petitioner's federal habeas claim. 28 U.S.C. § 2244(d)(1)(B), (C) and (D). Prior to AEDPA, there was no specific period of limitation governing federal habeas corpus petitions, aside from the laches-like standard contained in Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. *See **Lonchar v. Thomas***, 116 S. Ct. 1293, 1300-01 (1996); *see also **Brown v. Angelone***, No. 96-7173, 1998 WL 389030 at *1-2 (4th Cir. July 14, 1998). Under that standard, a "prisoner

4

could wait almost a decade to file his habeas petition without violating Rule 9(a)." **Angelone**, 1998 WL 389030 at *2 (citing **Lochnar**, 116 S. Ct. at 1300-01).

## III.

Flanagan claims that the one year statutory period of limitation did not begin to run until November 1996, because he could not have discovered the factual predicate of his claim prior to that time. *See* 28 U.S.C. § 2244(d)(1)(D). If Flanagan is correct, then his § 2254 petition, which was filed six months later on April 24, 1997, was timely.

Flanagan was tried in January 1989. Sometime thereafter, Flanagan's trial counsel was disbarred for undisclosed reasons. Flanagan claims that as a result of the disbarment, he was unable to locate his trial counsel for an extended period. In October 1996, Flanagan's habeas counsel located Flanagan's trial counsel in a rehabilitation facility in rural Texas. In November 1996, Flanagan's habeas counsel secured an affidavit from Flanagan's trial counsel. The affidavit states that trial counsel does not remember whether he and Flanagan discussed the concept that Flanagan could refuse to testify.

Flanagan argues that the lawyer's affidavit forms part of the factual predicate of his suit because, by not conclusively negating the proposition, the affidavit implicitly supports Flanagan's claim that he was not informed of his right not to testify. Flanagan is confusing his knowledge of the factual predicate of his claim with

5

the time permitted for gathering evidence in support of that claim. Trial counsel's affidavit neither changes the character of Flanagan's pleaded due process claim nor provides any new ground for Flanagan's federal habeas petition. Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.

Interestingly, Flanagan did not even file trial counsel's purportedly crucial affidavit with his original federal habeas petition. Rather, that affidavit was filed some time later as part of Flanagan's supplementary pleading. Flanagan supported his original state habeas petition with his own affidavit, which was executed on November 11, 1992. Flanagan's November 1992 affidavit sets forth the legal and factual basis for Flanagan's claim that he did not know he could refuse to testify.

We conclude that the lawyer's affidavit formed no part of the factual predicate of Flanagan's due process claim. The factual predicate of Flanagan's claim, the fact that he was called to testify and did not know he had the right to refuse, was actually known to Flanagan no later than November 11, 1992, when he executed the affidavit used to support his claim herein. Likewise, the absence of trial counsel's affidavit did not prevent Flanagan from pursuing state habeas relief on that same ground. Flanagan's contention that the one year statute of limitations did not begin to run until November 1996 is without merit.

## IV.

Having concluded that the one year limitation period was not tolled by the statutory exception embodied in § 2244(d)(1)(D), we return to the statute to determine whether Flanagan's petition was otherwise time-barred.

Flanagan's conviction became final on or about February 19, 1991. *See* 28 U.S.C. § 2244(d)(1)(A). Flanagan filed one application for state habeas relief. The parties agree, and we will accept for the sake of argument only, that the one year limitation period did not begin until Flanagan's state application for habeas corpus relief was finally denied on May 12, 1993.[1] *See id.* § 2244(d)(2). There are no allegations that the state imposed an unconstitutional impediment to the filing of Flanagan's petition for federal relief or that the Supreme Court has announced a new rule applicable to Flanagan's claim. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply. We conclude that Flanagan's claim was time-barred no later than May 12, 1994, almost two years before the April 24, 1996

---

[1] Lest this opinion be cited as controlling authority with respect to the application of § 2244(d)(2), we feel compelled to add that the one year period almost certainly began running before that time. The mere existence of an application for state habeas relief does not, as the parties' stipulation suggests, prevent the one year period of limitation from beginning until the state habeas application is finally decided. Rather, § 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one year period. Under the plain language of the statute, any time that passed between the time that Flanagan's conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation.

effective date of AEDPA.

Our Court recently joined many of our sister circuits by holding that AEDPA's one year statute of limitation cannot be applied to retroactively extinguish claims that were technically time-barred before the effective date of AEDPA. *United States v. Flores*, 135 F.3d 1000, 1002-05 (5th Cir. 1998); *see also Angelone*, 1998 WL 389030 at *5; *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998), *petition for cert. filed*, __U.S.L.W.__ (U.S. July 10, 1998) (No. 98-5195); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998); *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 118 S. Ct. 899 (1998); *United States v. Simmonds*, 111 F.3d 685, 745-46 (10th Cir. 1997); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 117 S. Ct. 2059, 2068 (1997). *Flores* recognized that "'all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts.'" *Flores*, 135 F.3d at 1004 (quoting *Wilson v. Iseminger*, 22 S. Ct. 573, 575 (1902)). To permit a statute of limitation to "'bar the existing rights of claimants without affording this opportunity'" would amount to an "'unlawful attempt to extinguish rights arbitrarily.'" *Id*. (quoting *Wilson*, 22 S. Ct. at 575). A statute of limitation must allow a reasonable time after it takes effect for the commencement of suits upon existing claims. *Id*. Thus, *Flores* concluded that habeas petitioners must be afforded a reasonable

8

time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date. *Id*. at 1004-05.[2]

*Flores* also considered what would constitute a reasonable post-AEDPA time period for the filing of pre-existing and otherwise time-barred claims. *Flores*, 135 F.3d at 1005. The Court rejected the ad hoc approach then being used by the Second Circuit, and embraced instead a bright-line rule that the "reasonable time" period contemplated by the Court's holding would be co-extensive with AEDPA's one year statutory period of limitation. *Id*. at 1005-06. The Court reasoned that the bright-line rule would tend to "protect the reliance interests of affected parties without contravening the legislative intent underlying the statute." *Id*. at 1005.[3] Thus, petitioners like Flanagan, whose claims would

---

[2] Although *Flores* dealt with the analogous statutory period of limitation governing motions for habeas corpus relief from federal conviction under 28 U.S.C. § 2255, the Court's decision was not limited to § 2255 motions. *See Flores*, 135 F.3d at 1002 n.7. Rather, the Court noted that the limitation provisions for § 2255 motions and § 2254 petitions are virtually identical. *Id*. The Court further noted that § 2255 and § 2254 actions themselves are quite similar and that the statutes should generally be read in pari materia, where not obviously inconsistent. *Id*. Significantly, the Court also relied upon § 2254 cases to reach its decision in *Flores*. *See id*. The Court's treatment of the issue demonstrates that its holding was intended to apply to both § 2254 and § 2255 cases, and we consider *Flores* to be controlling authority in this § 2254 case.

[3] Since *Flores* was decided, the Second Circuit has abandoned the ad hoc approach in favor of the same bright-line rule adopted in *Flores*. *See Ross v. Artuz*, No. 97-2789, 1998 WL 400446 at *4-5 (2d Cir. June 24, 1998); *Mickens v. United States*, No. 97-2734, 1998 WL 350078 at *3 (2d Cir. June 24, 1998); *Joseph v. McGinnis*, No. 97-2656, 1998 WL 350075 at *1 (2d Cir. June 24, 1998); *Rosa v.*

otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief. *Id*. at 1006.

## V.

Flanagan's petition was filed on April 24, 1997. The state argues that Flanagan's petition was untimely because it was filed one year and one day after the effective date of AEDPA. The key issue here is how the one year "reasonable time" period prescribed by *Flores* is to be computed.

"This Court has consistently used [Federal] Rule [of Civil Procedure] 6(a)'s method for computing federal statutory time limitations." *Lawson v. Conyers Chrysler, Plymouth & Dodge Trucks, Inc.*, 600 F.2d 465, 466 (5th Cir. 1979); *see also* *Vernell v. United States Postal Serv.*, 819 F.2d 108, 111 n.6 (5th Cir. 1987); *Gotham Provision Co., Inc. v. First State Bank*, 669 F.2d 1000, 1014 & n.17 (5th Cir. Unit B 1982); *Jackson v. United States Postal Serv.*, 666 F.2d 258, 260 (5th Cir. 1982) (all expressly applying Rule 6(a) to federal statutory limitation periods); *FDIC v. Bledsoe*, 989 F.2d 805, 811-12 (5th Cir. 1993); *Hanner v. State of Miss.,* 833 F.2d 55, 59 (5th Cir. 1987) (both implicitly applying Rule 6(a) to federal statutory limitation periods). Rule 6(a) provides, in relevant part:

---

*Senkowski*, No. 97-2974, 1998 WL 334346 at *1 (2d Cir. June 24, 1998).

10

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

FED. R. CIV. P. 6(a). If we adhere to our longstanding rule that Rule 6(a) applies when computing federal periods of limitation, then April 24, 1996, the effective date of AEDPA, must be excluded from the computation of the one year post-AEDPA time period, and a petition raising a claim that was time-barred prior to April 24, 1996 is timely if filed on or before April 24, 1997. If, on the other hand, Rule 6(a) is inapplicable to the reasonable time period prescribed by **Flores**, then a petition raising a claim that was time-barred prior to April 24, 1996 must be filed on or before April 23, 1997.

The circumstances in **Flores** did not require the Court to consider whether Rule 6(a) applied to the reasonable time period there defined. Moreover, the Court did not expressly decide whether the reasonable time period for filing an otherwise time-barred claim would expire on April 23, or instead, on April 24. Of those circuits that have included a particular date in their decisions, most have simply announced that the reasonable time period will expire on April 23 or April 24. *E.g.*, **Angelone**, 1998 WL 389030 at *6 (petitions filed on or before April 23, 1997 are timely); **Miller**, 141 F.3d at 977 (petitioner must "file prior to April 24, 1997, one year after the enactment of the AEDPA"); **Burns**, 134 F.3d at 112 ("motions on file on or before April 23, 1997" are timely). The Second Circuit is the only circuit to have identified

11

and directly addressed whether Rule 6(a)'s potential application to AEDPA's limitation period. In a spate of recent cases, that Court held that Rule 6(a) operates to extend the statutory period of limitation, and therefore, the reasonable time period permitted for the filing of otherwise time-barred claims, until April 24, 1997. *See Ross*, 1998 WL 400446 at *7 ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period."); *Mickens*, 1998 WL 350078 at *4 ("motions pursuant to § 2255 are not barred by the statute of limitations established by AEDPA if filed on or before April 24, 1997, the first anniversary of AEDPA's effective date"); *Joseph*, 1998 WL 350075 at *1 (motions "filed within one year after the effective date of AEDPA, i.e. April 24, 1997" are timely); *Rosa*, 1998 WL 334346 at *1 (motions filed prior to the "April 24, 1997 expiration of the one-year grace period" are timely).

We agree with the considered judgment of the Second Circuit. In *Flores* we held that the parties' reliance interests justified a rule equating AEDPA's statutory limitation period with the reasonable time period for filing claims that would otherwise be time-barred before the effective date of AEDPA. *Flores*, 135 F.3d at 1005. *Flores* relied in part upon this Court's decision in *Hanner v. Miss.*, 833 F.2d 55 (5th Cir. 1987), noting that a one year bright-line rule provided a "'comparative ease of administration, consistency, and predictability" that was "decisive in its favor.'" *Id*. at 1006 n.19 (quoting *Hanner*, 833 F.2d at 58

12

n.6).  While we are sensitive to the fact that AEDPA was clearly intended to restrict the time limit for filing a federal habeas petition, we do not see any significant benefit to be gained from cutting the "reasonable period" off at April 23, rather than April 24.  Indeed, the same interests in predictability and consistency that drove our decision in *Flores* suggest that we should be loath to deviate from our well-settled rule in favor of applying Rule 6(a) by creating a different rule in this context.

Nonetheless, Rule 6(a) is a general statutory rule, which may be supplanted when the statute at issue provides more specific direction.  *See FDIC v. Enventure V*, 77 F.3d 123, 125 (5th Cir. 1996).  We cannot, therefore, conclude our analysis without an examination of the plain language of the statute.  Section 2244(d)(1) provides that the one year period shall "run from" the later of four alternative dates.  The statutory provision does not contain express language that would tend to negate the application of Rule 6(a).  Moreover, and in contrast to the statutory limitation provisions construed in *Enventure V*, § 2244(d)(1) does not contain a separate provision addressing the computation of time.[4]  Given the lack of any express direction in the statute

---

[4]  We note that *Enventure V* appears to be the only published case in our Circuit rejecting application of Rule 6(a) to a federal statutory limitation period.  Moreover, the Court's holding in *Enventure V*, that Rule 6(a) does not apply to the limitation provision in § 1821(d) of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), is in at least potential conflict with the Court's implicit application of Rule 6(a) to the same provision in *FDIC v. Bledsoe*, 989 F.2d 805, 811–12 (5th Cir. 1993).  *Enventure V* distinguished *Bledsoe* as "confusing dicta at best."  *Enventure V*, 77 F.3d at 125.  We need not resolve the conflict between the Court's implicit application of Rule 6(a) to

13

itself, we are compelled to adhere to our Circuit's well-established rule that Rule 6(a) governs the computation of federal statutory periods of limitation. We hold that Rule 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA. By extension, when computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of the April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely.

## CONCLUSION

We affirm the district court's determination that the statute of limitation was not tolled until Flanagan was able to contact and obtain an affidavit from his trial counsel. We reverse the district court's implicit holding that Rule 6(a) does not govern the computation of AEDPA's one year limitation periods, and the district court's express holding that the one year post-AEDPA period applicable to Flanagan's § 2254 claim expired on April 23, 1997, rather than on April 24, 1997.

Accordingly, the district court's dismissal is REVERSED and

---

FIRREA in **Bledsoe** and the Court's express rejection of that application in **Enventure V**. As noted in the text, the statutory provisions at issue in **Bledsoe** and **Enventure V** included an independent section addressing when the statute of limitation began to run. *See **id**.* at 124 n.1. The statutory language used in § 2244(d) of AEDPA, which simply states that the period "runs from" a particular date, is more consistent with the language at issue in our cases finding Rule 6(a) to be applicable. *E.g.*, **Lawson**, 600 F.2d at 465 (applying Rule 6(a) to limitation provision requiring that suit be filed "within one year from" the date of the violation).

the cause REMANDED for further proceedings consistent with this opinion.