**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-10018

DAVID WAYNE FARREL,

Petitioner-Appellant,

versus

GARY JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-397-A)

July 15, 1999

Before POLITZ, JOLLY, and DUHÉ, Circuit Judges.

POLITZ, Circuit Judge:*

Texas prisoner David Farrel requests a certificate of appealability from the district court's denial of his § 2254 petition as time-barred. For the reasons assigned, we deny the COA and dismiss the appeal.

**BACKGROUND**

On July 18, 1995, Farrel was sentenced to seven concurrent 20-year prison terms for robbery by threats. A jury previously convicted Farrel of eight counts of

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated robbery and one count of attempted aggravated robbery, but in 1993 the Texas Court of Criminal Appeals granted Farrel an out-of-time appeal, allowing him to plea bargain to the lesser-included robbery by threat offenses.

On September 8, 1997, Farrel filed a state habeas application, alleging that he was entitled to a mandatory supervision release date because there was no affirmative finding in his sentence that he used a weapon. This state petition was denied on April 15, 1998. On May 1, 1998, Farrel filed a federal habeas corpus application, which was dated April 27, 1998. This petition again alleged that he was wrongly denied a mandatory supervision release date from the Texas Department of Criminal Justice-Institutional Division.

Upon a motion to dismiss by the State, the magistrate judge found, and the district court agreed, that Farrel's petition was time-barred pursuant to 28 U.S.C. § 2244(d).[1] Specifically, the district court found that Farrel knew of the factual predicate of his claims before the expiration of the one-year statute of limitations because of two TDCJ reports Farrel included in his state habeas petition. The district court denied Farrel a certificate of appealability.

## ANALYSIS

In determining whether to grant a COA on an issue of nonconstitutional

---

[1] Section 2244(d)(1)(A) provides that a habeas petitioner has one year from the date the conviction became final, by the conclusion of direct review or upon the expiration of the time for seeking such review, to file a habeas application. There are several exceptions to the one-year limitation period, none of which are applicable here. Additionally, under § 2244(d)(2) the time during which a properly filed application for state postconviction relief is pending is not counted toward the limitations period.

2

dimension, we employ a two-step analysis. First, we must determine whether the petitioner has made a credible showing that the district court erred in dismissing the petition as time-barred. Only if that question is answered in the affirmative will we next decide whether the petitioner has made a substantial showing of the denial of a constitutional right relative to the claims alleged in the petition.[2]

In this case, however, we must first decide whether the district court properly construed Farrel's petition as a habeas corpus action arising under 28 U.S.C. § 2254 or whether the district court should have construed the petition as a civil action under 42 U.S.C. § 1983. The procedural differences between the two actions are not without import. To appeal an adverse decision under § 2254, a petitioner must obtain a certificate of appealability, in which the petitioner must demonstrate a "substantial showing of the denial of a constitutional right."[3] To obtain appellate review of an adverse decision under § 1983, however, a plaintiff must simply file a notice of appeal.[4] More importantly to this case, although there is a one-year statute of limitations for § 2254 actions,[5] § 1983 claims may be brought within two years.[6]

A suit brought under § 1983 is the proper method for attacking

---

[2] **Sonnier v. Johnson**, 161 F.3d 941 (5th Cir. 1998).

[3] 28 U.S.C. § 2253(c)(2).

[4] **Moore v. Pemberton**, 110 F.3d 22 (7th Cir. 1997).

[5] 28 U.S.C. § 2244(d).

[6] **Gartrell v. Gaylor**, 981 F.2d 254 (5th Cir. 1993) (applying Texas' limitations period).

unconstitutional conditions of confinement and prison procedures, while a habeas petition is the proper avenue for seeking release from custody.[7] Although we have recognized that the distinction between the two claims can be difficult to recognize, especially when "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," we have adopted a bright-line rule for distinguishing between the two.[8] A § 1983 suit is the proper vehicle if "'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release.'"[9]

In the instant case, Farrel asserts that he is subject to unlawful ex post facto laws preventing him from being granted mandatory supervision release. In Texas, "a parole panel *shall* order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."[10]

We find that the district court properly construed Farrel's petition as arising under § 2254 because a favorable determination would entitle Farrel to accelerated

---

[7] **Carson v. Johnson**, 112 F.3d 818, 820 (5th Cir. 1997).

[8] **Id.**

[9] **Id.** at 820-21 (quoting **Orellana v. Kyle**, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

[10] Tex. Gov't Code Ann. § 508.147(a) (emphasis added). An inmate is not eligible for mandatory supervision release if the inmate has committed a crime listed in Texas Gov't Code Ann. § 508.149, one of which is a second degree felony under section 29.02 of the Penal Code, the crime for which Farrel was sentenced.

4

release. We distinguish **Carson**, in which we determined that a prisoner's challenge to a decision he was ineligible for parole was properly brought under § 1983, because, if the prisoner was eligible, the parole decision still would have been within the discretion of the parole board and would not have automatically entitled the prisoner to accelerated release.[11] In this case, however, a prisoner must be granted mandatory supervision release if he is eligible for the program and has attained the requisite amount of calendar time and good conduct time.[12] Thus, because a favorable determination in this action would result in an accelerated release for Farrel, his action was properly brought and construed as a § 2254 claim. As such, the petition was time-barred when filed on May 1, 1998.[13] Because petitioner has not made a credible showing that the district court erred in dismissing the petition and has not made a substantial showing of the denial of a constitutional right, his motion for a certificate of appealability is denied.

COA DENIED; APPEAL DISMISSED.

---

[11] **Carson**, 112 F.3d at 821.

[12] We note that in **Madison v. Parker**, 104 F.3d 765 (5th Cir. 1997), we discussed, in the context of a § 1983 action, whether the statutes creating mandatory supervision release also created a protected liberty interest. **Madison** is not dispositive of whether a mandatory supervision claim is properly construed as a § 1983 suit, however, because the proper vehicle for the complaint and the habeas statute of limitations provisions were not mentioned in the opinion and were not before the court at that time.

[13] *See* 28 U.S.C. § 2244(d). The filing of the state habeas petition would not toll the period as the statute of limitations already had expired when the state petition was filed on September 8, 1997. *See* **Flanagan v. Johnson**, 154 F.3d 196 (5th Cir. 1998) (granting a one-year grace period from April 24, 1996 in which to file habeas petitions for convictions that were final before the effective date of the Antiterrorism and Effective Death Penalty Act).