IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11120
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELLIS EARL HAWKINS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:97-CV-166
- - - - - - - - - -

August 25, 1999

Before JONES, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ellis Earl Hawkins, a federal prisoner (# 25412-077), has appealed from the district court's order dismissing as time-barred his 28 U.S.C. § 2255 motion to vacate his sentence. On April 24, 1997, Hawkins had submitted a pro se motion for appointment of counsel, which Hawkins urged the court to construe alternatively as his § 2255 motion. Attached to the motion was Hawkins' pro se brief detailing his proposed § 2255 claims. The district court denied this motion, and it then dismissed as

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

untimely a formal § 2255 motion later filed by Hawkins.

A § 2255 movant has one year from the date on which the judgment of conviction becomes final to file a motion to vacate his sentence. § 2255. A § 2255 movant whose claims otherwise would be time-barred because his conviction became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Act, had a grace period until April 24, 1997, to file his § 2255 motion. See Flanagan v. Johnson, 154 F.3d 196, 201-02 (5th Cir. 1996) (§ 2254 case); United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998).

Hawkins' pro se motion filed in district court on April 24, 1997, was entitled to liberal construction. See United States v. Woods, 870 F.3d 285, 288 n.3 (5th Cir. 1989). As the Government concedes, the district court should have construed Hawkins' April 24, 1997, motion as a timely-filed § 2255 motion. That motion contained briefed § 2255 claims and an explicit request by Hawkins that it be construed as his § 2255 motion should the court deem the appointment of counsel inappropriate. Accordingly, the judgment dismissing Hawkins' April 24, 1997, motion is VACATED and his case is REMANDED for consideration of the merits of his § 2255 motion.

VACATED AND REMANDED.