IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30056
Summary Calendar
_____

RANDY TUCKER,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-360-LLM
- - - - - - - - - -
January 21, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Randy Tucker, a Louisiana prisoner (# 94614), appeals the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  This court granted Tucker a certificate of appealability ("COA") on the issue whether his petition was barred by the one-year limitations period of 28 U.S.C. § 2244(d), among other issues.

    Tucker argues that he was entitled to the application of § 2244(d)(1)(B), which extends the limitation period as long as a state-created, unconstitutional "impediment" prevents the filing

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a petition.  Tucker asserts that prison officials confiscated all of his legal materials, including his already-prepared § 2254 petition, on April 9, 1997, approximately two weeks before the judicially-created one-year grace period expired, see Flanagan v. Johnson, 154 F.3d 196, 201-02 (5th Cir. 1998), and did not return them to him until January 1998.  He maintains that this violated his constitutional right of access to the courts.  See Bounds v. Smith, 430 U.S. 817, 821 (1977).  Tucker has not shown, however, that the confiscation of these materials was not "'reasonably related to legitimate penological interests,'" see Lewis v. Casey, 518 U.S. 343, 361 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)), in that the evidence reflects that Tucker at the time had reasonably been suspected of forging court orders in an effort to gain the release of himself and other inmates.

Similarly, Tucker has not shown that he was entitled to equitable tolling of the limitations period, see Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999) (§ 2244(d) period may be equitably tolled in "exceptional circumstances"), as Tucker did not "come into court with clean hands."  See Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co., 324 U.S. 806, 814 (1945).

Accordingly, the district court's judgment is AFFIRMED.