IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30462
Summary Calendar
_____

MOSE A. REED, JR.,

Petitioner-Appellant,

versus

HARRY CONNICK, District Attorney,
Parish of Orleans;
TERRY TERRELL, Warden;
RICHARD IEYOUB, Attorney General,
State of Louisiana,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3160-F
--------------------
August 9, 2000

Before JOLLY, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Mose A. Reed, Louisiana prisoner #82880, appeals from the dismissal of his 28 U.S.C. § 2254 petition as untimely. He contends that his third application for state post-conviction relief served to toll the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA).

State prisoners attacking convictions or sentences that became final prior to the AEDPA's April 24, 1996, effective date

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have a one-year grace period, commencing on that date, within which to file for federal habeas relief.  See Flanagan v. Johnson, 154 F.3d 196, 200 n.2 (5th Cir. 1998).  Reed's conviction became final in 1989.  See R. 140.  He was therefore required to file his § 2254 petition no later than April 24, 1997.  See Flanagan, 154 F.3d at 200 & n.2.

Pursuant to § 2244(d)(2), however, the time during which a "properly filed" application for state habeas relief with respect to the pertinent judgment or claim is pending does not count toward the AEDPA's one-year limitations period.  See § 2244(d)(2); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).  Under our recent decision in Smith v. Ward, which the district court did not have the benefit of, Reed's third application for state post-conviction relief was "properly filed" for the purposes of § 2244(d)(2) even though it was dismissed as untimely under La. Code Crim. Proc. art. 930.8.  See 209 F.3d 383, 384-85 (5th Cir. 2000).  Consequently, this third application for state post-conviction relief tolled the limitations period with 163 days remaining and extended the deadline for filing Reed's § 2254 petition until May 25, 1998.

Reed's petition, filed on September 14, 1997, is therefore timely.  Accordingly, we VACATE the district court's dismissal of his petition and REMAND.

VACATED AND REMANDED.