IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30201
Summary Calendar
_____


LEONARD HEBRARD,

                                    Petitioner-Appellant,

versus

ED C. DAY, Warden,

                                    Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1647-K
--------------------
August 21, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leonard Hebrard (Hebrard), Louisiana prisoner #106664, appeals the district court's dismissal of his petition for habeas relief pursuant to 28 U.S.C. § 2254. Hebrard argues that the district court erred in calculating the one-year limitations period of 28 U.S.C. § 2244(d)(1) because it did not take into account the fact that Louisiana prisoners have three years to seek postconviction relief under La. Code of Crim. Proc. Ann. art. 930.8.

Hebrard has not shown that the district court erred in

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing his § 2254 petition as time-barred. Because his conviction was final before the effective date of the AEDPA, he had until April 24, 1997, to file his federal habeas petition. Flanagan v. Johnson, 154 F.3d 196, 201-02 (5th Cir. 1998). His § 2254 petition was not filed until May 3, 1999. Hebrard's state habeas application did not toll the limitations period because it was not filed until January or April of 1998, after the expiration of the limitations period. § 2244(d)(2). Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition. § 2244(d)(1)(B). Further, Hebrard cites no authority to support his argument that because the state application was timely filed within the three-year state limitations period, it should toll the one-year federal limitations period.

Hebrard also provides no support for his argument that Congress did not intend for the one-year statute of limitations to apply when a state postconviction application for relief has been properly filed or that Congress intended the limitations period to run only after state remedies have been exhausted. We noted in Flanagan, 154 F.3d at 199 n.1, that the limitations period could run before the filing of a request for habeas relief in the state courts.

Finally, we note that, liberally construed, Hebrard appears to argue that the limitations period should not be applied to bar his § 2254 petition because it interferes with or impermissibly affects the state's limitations period for the filing of state habeas applications. Hebrard, without explanation, cites our

decision in <u>Villegas v. Johnson</u>, 184 F.3d 467, 469-73 (5th Cir. 1999), to support his argument.  In <u>Villegas</u>, we did note the importance of allowing state courts to first address habeas claims.  We did not indicate, however, that the state's limitations period should control the federal limitations period.

For the foregoing reasons, the district court's dismissal of Hebrard's habeas petition is AFFIRMED.