**UNITED STATES of America,
Plaintiff,**

v.

**Marat BALAGULA, Defendant.**

**No. CR 92–1147(LDW).**

United States District Court,
E.D. New York.

July 16, 2003.

Roslynn R. Mauskopf, United States Attorney by Joey Lipton, Assistant United States Attorney, Brooklyn, NY, for Plaintiff.

Linda S. Sheffield, Esq., Atlanta, GA, for Defendant.

*MEMORANDUM AND ORDER*

WEXLER, District Judge.

Defendant Marat Balagula ("Balagula") moves to modify his sentence under 18 U.S.C. § 3582(c)(2). The government opposes the motion.

The background of this case is detailed in prior decisions of this Court and the Second Circuit. *See United States v. Macchia,* 845 F.Supp. 953 (E.D.N.Y.), *aff'd.,* 35 F.3d 662 (2d Cir.1994); *Balagula v. United States,* 73 F.Supp.2d 287 (E.D.N.Y.1999). Familiarity with those decisions is assumed. As detailed in this Court's 1999 decision, Balagula pleaded guilty in this case, referred to as the *Macchia* case, and was sentenced to 77 months' imprisonment, to run consecutively to the 120 months' imprisonment imposed by this Court following Balagula's conviction in the earlier case, referred to as the *Tarricone* case. *Balagula v. United States,* 73 F.Supp.2d at 289–90.

Balagula now moves to modify his sentence in the *Macchia* case, claiming that this Court is obligated to modify his sentence based on an amendment to the commentary to United States Sentencing Guidelines ("USSG") § 5G1.3(b), namely Amendment 645, which requires the Court to impose a concurrent term of imprisonment on a defendant who, when sentenced, is subject to an undischarged term of imprisonment resulting from an offense that has been fully taken into account in the offense level determination, *see* U.S. Sentencing Guidelines Manual, Supp. to app. C., at 282 (2002). The government argues

that the motion is without merit because (1) there has been no amendment to § 5G1.3(b) since Balagula's sentence, and any amendment to the commentary does not afford him the relief he seeks; (2) there has been no amendment to a guideline section which allows a reduction in the term of imprisonment under § 1B1.10(c); and (3) any modification, even if it were available, would be in the Court's discretion and the circumstances do not warrant a modification.

Upon consideration, the Court agrees with the government that Balagula's motion is without merit. First, there has been no amendment to § 5G1.3(b). Second, even if an amendment to commentary could be sufficient for a modification of sentence, the amendment to the commentary to § 5G1.3(b), Amendment 645, is not relevant to Balagula's sentence. The amended commentary deals with a downward departure under § 5G1.3(b) in "the case of a discharged term of imprisonment" to allow a downward departure where § 5G1.3(b) would have applied if the term of imprisonment had not been discharged—a circumstance not relevant here.

Third, § 3582(c)(2), under which Balagula purports to bring this motion, authorizes modification of a sentence based on a sentencing range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in [USSG § 1B1.10(c)] that lowers the applicable guideline range." USSG § 1B1.10(c) cmt. n. 1; *see United States v. Perez*, 129 F.3d 255, 259 (2d Cir.1997). Section 1B1.10(c) does not list Amendment 645, upon which Balagula relies. Accordingly, § 3582(c)(2) is inapplicable.

Fourth, even if modification were authorized as Balagula claims, the circumstances do not warrant the Court, in the exercise of its discretion, to modify the sentence.

Based on the foregoing, Balagula's motion is denied.

SO ORDERED.