United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30908
Summary Calendar

RONALD MARSHALL,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-219-A
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ronald Marshall, Louisiana prisoner # 336016, appeals from the dismissal of his 28 U.S.C. § 2254 petition as time-barred. The district court granted a certificate of appealability (COA) on the issue whether Marshall's supervisory writ application to the Louisiana Supreme Court on direct review of his conviction was properly filed or untimely and, if untimely, whether he was entitled to equitable tolling. The Respondent argues that the petition was timely filed and urges that the case be remanded.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's findings of fact are reviewed for clear error and issues of law are reviewed de novo when reviewing the denial of habeas relief. Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

Pursuant to Louisiana Supreme Court Rule X, § 5(d), Marshall's writ application, postmarked October 25, 2000, was mailed "on or before the last day of the delay for filing," October 30, 2000, and was therefore timely. His conviction therefore did not become final until January 24, 2002, after the 90-day period for seeking Supreme Court review had expired. See Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Marshall's July 31, 2002, state postconviction application tolled the limitations period until the Louisiana Supreme Court denied his timely writ application on December 12, 2003. See 28 U.S.C. § 2244(d). Marshall's January 20, 2004, federal petition, was filed with 138 days of the one-year period yet remaining, and was therefore timely.

VACATED AND REMANDED.