# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-41364
Summary Calendar

JAMES BRUCE MULLINS

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-257

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court granted a certificate of appealability to James Bruce Mullins, Texas prisoner # 1160045, to determine whether the district court correctly determined that Mullins's 28 U.S.C. § 2254 application was time barred. In Mullins's § 2254 application he challenged his guilty-plea convictions of possession of a firearm by a felon and aggravated assault against a public servant and the resulting concurrent sentences of 10 and 20 years of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. Mullins contends that the district court erred by applying 28 U.S.C. § 2244(d)(1)(A), the date on which Mullins's conviction became final, as the limitation period commencement date, rather than § 2244(d)(1)(D), the date on which the factual predicate of the claim could have been discovered through due diligence. He argues that pursuant to § 2244(d)(1)(D), the limitation period commencement date should be the date that he received an order of the Texas State Board of Examining Psychologists (TSBEP), which reprimanded the psychologist who examined Mullins in his criminal case for his work in Mullins's criminal proceeding. Mullins insists that the TSBEP order of reprimand forms the factual predicate for his constitutional claims and that, if the date that he received the order is used as the limitation commencement date, his § 2254 application would be timely.

An order dismissing a habeas application as time barred is subject to de novo review. Starns v. Andrews, 524 F.3d 612, 617 (5th Cir. 2008). Mullins asserted in the instant § 2254 application that he was denied due process because the psychologist's conclusions were faulty, the faulty report was used as a basis for his guilty plea, and the trial court and his counsel should have investigated the issue. Because Mullins's claims are essentially a challenge to his guilty plea, the TSBEP order of reprimand is not the basis for Mullins's § 2254 claims. Rather, that order provides support for Mullins's claims. This conclusion is also supported by review of Mullins's allegations in his initial state habeas application, which he filed prior to receiving the TSBEP order of reprimand. Initially, Mullins challenged his guilty plea based upon ineffective assistance of counsel, contending that (1) his attorney was ineffective for failing to investigate the issue of his sanity, (2) his attorney coerced him into pleading guilty by telling him that he did not have an insanity defense, and (3) he was mentally incompetent when he entered the guilty plea. Mullins attached diagnostic reports to his state habeas application to contradict the conclusions set forth in the psychologist's report that was used in Mullins's criminal

proceeding. As the TSBEP order of reprimand is merely support for Mullins's repeated attempts to challenge his guilty plea, the order does not form the factual predicate for his claims, as contemplated by § 2244(b)(2)(D). See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). As such, Mullins's contention that § 2244(d)(1)(D) should apply and the statue of limitations did not begin to run until he received the TSBEP order is without merit. Rather, the "general rule" of § 2244(d)(1)(A), which the district court applied, governs this case. See Flanagan v. Johnson, 154 F.3d at 199.

Mullins does not address the district court's analysis and conclusion under § 2244(d)(1)(A) that his § 2254 application is time barred. He also does not address the district court's conclusion that equitable tolling was not warranted. He has therefore abandoned these issues. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9).

For the foregoing reasons, the judgement of the district court is AFFIRMED.